### NASON *versus* McCULLOCH.

In a suit upon a witnessed note, an account barred by the statute of limitations, but of about the same date with the note, and larger in its amount, was filed in set-off. Held, that, *as a set-off*, the law would not sustain it, nor allow so much of it to be proved as to balance the note. Neither will the law appropriate the account to the payment of the note, nor presume, after any lapse of time, that the plaintiff had so appropriated it.

ASSUMPSIT on a witnessed note, given in 1829. The plaintiff and defendant formerly were joint-owners, with another person, of the ship Watchman. The defendant filed, in set-off, an account, the items of which were dated soon after the note was given. The balance due to the defendant on the account, purported to be greater than the amount of the note. The defendant had requested a settlement many years ago, but none had been made.

In a difficulty on another subject, in 1844 or 1845, the plaintiff adverted to his holding this note. The defendant answered, " you know that note was paid years ago, and that you owe me a balance of 150 to 200 dollars." To that remark the plaintiff made no reply. The defendant introduced proof concerning the set-off account, and also to show other money transactions, relative to the vessel, tending to prove that the balance of their dealings was in his favor.

The defendant contended that, though his account might be barred, yet he had a right to prove it, so far as to defeat the note ; that the statute merely impaired the *remedy*, but did not discharge the *debt*.

The Judge ruled that, if the account was barred by the Statute of Limitations, it could not be allowed in set-off. The defendant contended that, as the plaintiff had in his hands the defendant's money for 19 years without paying it over, the law would presume he had appropriated it on the note. The Judge ruled that, if the plaintiff had defendant's money, " of which there did not appear to be any proof," the law would not appropriate it to the payment of the note.

The trial was before WELLS, J. The verdict was for the plaintiff, and the defendant excepted.

*Bourne,* for defendant.

1. Defendant has the right to file and prove in set-off.

The statute merely bars the remedy, but not the debt. *Higgins* v. *Scott,* 2 B. & A. 413; *Spears* v. *Hartly,* 3 Esp. Rep. 81; *Thayer* v. *Mann,* 19 Pick. 535; *Eastman* v. *Foster,* 8 Mass. 24; Chitty on Contracts, 806.

When there are cross demands which accrued nearly at the same time, and the plaintiff has kept alive his demand by continual process, he cannot avail himself of the statute, to defeat the defendant's set-off. *Ord* v. *Ruspini,* 2 Esp. Rep. 569; Starkie's Ev. 900.

The English statute of set-off is the same as ours.

By our statute, chap. 146, sect. 26, all the provisions of the chapter shall apply to an account in set-off. What is the provision referred to? That no action shall be maintained, to recover. Does not the section refer to a recovery of a balance beyond the defendant's claim. If defendant is deprived of the *benefit* of a set-off, by discontinuance, &c.; what *benefit,* but a judgment for his balance? Why secure to him, the privilege of bringing a new suit, to have his claim offset, by other party; and thus be defeated and pay costs.

What could our statute have required of the defendant within six years? The law provides that in a suit by us, he might file his note in set-off. If he had $100 of defendant's money, and a note against him of the same amount, what was defendant bound to do?

The policy of the law did not require a suit by defendant, and the incurring of costs to no purpose.

As defendant could not have got the money out of plaintiff's hands within six years, will the law permit plaintiff, after that time has expired, to turn round and tell us that he shall not apply it to the note?

If demands are filed in set-off to a suit by indorsee, against the maker, on a note overdue, he may avail himself in set-off, though not proved as payment. *Sargent* v. *Southgate,* 5 Pick. 312; *Braynard* v. *Fisher,* 6 *ib.* 355; *Peabody* v. *Pe-*

*ters,* 5 *ib.* 1 ; *Shirley* v. *Todd,* 9 Greenl. 84 ; *Barry* v. *Norton,* 2 Fairf. 352.

He cannot recover a balance. His claim is proved as a payment, and therefore is not affected by the statute. Suppose Nason had indorsed the note, and the suit was now by the indorsee ?

2. The defendant had a lien on the money in his own hands, to pay his claim against the plaintiff. Plaintiff's note is only evidence of money had and received by the defendant.

If the defendant had such lien, his demand, to the extent of his lien, is never outlawed. *Spears* v. *Hartly,* 3 Esp. Rep. 81.

A lien is never outlawed.

3. Nason had the right to appropriate money in his own hands, to the payment of his debt, and not having paid it over for nineteen years, the law must presume that he so appropriated it.

In *Sargent* v. *Southgate,* before referred to, the court say, " Indeed it is substantial payment to show that the plaintiff was indebted to an equal amount, and probably nine times out of ten, the items of an account filed were intended between the parties to go in discharge of the note. It is quite common for those who have given negotiable securities, to make advances to their creditors on the faith and expectation of an allowance and adjustment, although not in direct form of payment of their notes." Was not the plaintiff's note actually paid within six years ? Was the payment wiped out by the lapse of that time?

Six years afford a presumption that the defendant has lost his evidence of payment.

Payment may be presumed from the course of dealing between the parties. Starkie's Ev. 1091.

4. The law appropriates money without the agreement of parties. The great subject of inquiry has been, " how shall it be appropriated, when the parties have not done it?"

*Partridge* v. *Dartmouth College,* 5 N. H. 288. Payment to a third person to discharge a lien shall be a payment to the plaintiff. Chitty on Bills, 370, note d. ; *Portland*

Nason *v.* McCulloch.

*Bank* v. *Brown,* 22 Maine, 298; *Field* v. *Howland,* 6 Cranch, 8; *McKenzie* v. *Nevins,* 22 Maine, 135; *Hilton* v. *Burleigh,* 2 N. H. 195; *Starrett* v. *Barber,* 20 Maine, 457; *Peters* v. *Anderson,* 5 Taunton, 597.

The mere fact of the payment of money by A to B, is presumptive evidence of the payment of an antecedent debt. Starkie's Evidence, 1090; Peake's Cases, 30.

The Judge said, "It did not appear that the plaintiff had any money in his hands belonging to the defendant." But there is no evidence that at this time there were any other owners of this vessel to whom the money could belong, except the plaintiff and defendant. No one else appears, or undertakes to complain that the business is not settled.

*J. Shepley,* for the plaintiff.

WELLS, J. orally. — The defendant contends that, though his account was barred by the statute, he had the right to prove it, so far as to balance and defeat the note. But such a distinction would operate a repeal of the statute. The instruction given to the jury was right, and this is decisive of the whole case.

It is however said the law will appropriate the account to the payment of the note. But they were independent claims; having no connection with each other. To make such an appropriation would be making agreements for the parties. The law does not do it, neither does it presume, after any length of time, that the plaintiff had made such an appropriation. As to the Judge's remark that there did not appear to be any proof of defendant's money in the hands of the plaintiff, it is to be noted that the parties were jointly interested in the ship. In all dealings on that subject, the balance is to be found, before one can be considered as having the other's money. But if not so, such a fund is but an independent matter, of which the law makes no appropriation.

*Exceptions overruled.*